**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| AUDREY COX,<br><br>　　　　　　　Plaintiff,<br><br>*vs.*<br><br>SPRING HILL COLLEGE, VASSIL KOKALI, J.K. ANDERSON, KENNETH ENGLAND, E. JOSEPH LEE II, and KEVIN W. ABEL<br><br>　　　　　　　Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Audrey Cox ("Plaintiff"), by and through undersigned counsel, hereby brings this Complaint against Defendants Spring Hill College ("Spring Hill"), J.K. Anderson, Kenneth England, E. Joseph Lee II, and Kevin W. Abel (together, "Spring Hill Defendants"), and Vassil Kokali ("Kokali") (collectively, "Defendants"). Plaintiff makes the following allegations upon personal knowledge as to her own acts, upon information and belief, and her attorneys' investigation as to all other matters, alleging as follows:

## INTRODUCTION

1.　　This action arises out of Spring Hill's reckless failure to provide security to its students' residence halls, in violation of its own safety policies and procedures, which directly caused the rape and sodomy of Plaintiff by Defendant Kokali.

2.　　Spring Hill promises its students that it is committed to providing them with a "safe environment," including ensuring that "[a]ccess to residence halls are restricted to students

assigned to each building and authorized personnel" and that "[f]acilities … are maintained in a manner that minimizes hazardous conditions."

3.      Despite these promises, Spring Hill recklessly failed to secure the entrance of Plaintiff's residence hall by ensuring that the lock on the door functioned properly and failed to ensure that there were other reasonable security measures in place to restrict the access of unauthorized individuals.

4.      On March 13, 2021, as a direct result of Spring Hill's reckless conduct, Kokali freely entered Plaintiffs' unlocked residence hall without authorization, proceeded to Plaintiffs' dorm room without encountering any other security measures, broke into her room without permission, and raped and sodomized her.

5.      As a direct result of Defendants' conduct, Plaintiff sustained severe physical injuries and life-altering emotional trauma.

## PARTIES

6.      Plaintiff Audrey Cox is a twenty-one-year-old woman. Plaintiff is presently a resident of Hickman County, Tennessee.  She matriculated at Spring Hill College in August of 2018 where she played basketball. As a result of the Defendants' conduct, she suffered significant injury and emotional trauma and is no longer enrolled in any educational institution.

7.      Defendant Spring Hill College is a domestic non-profit corporation that functions as a private educational institution and is located in Mobile, Alabama. Spring Hill is a recipient of federal funds under Title IX, 20 U.S.C. §§ 1681-1688 ("Title IX").

8.      Defendant J.K. Anderson ("Anderson") was, at all relevant times hereto, a resident citizen of the state of Alabama, where he was employed by Spring Hill College as its Chief of Police in the Department of Public Safety and Security. Upon information and belief, at all relevant

times herein, Defendant Anderson had authority to take corrective action by virtue of his position as supervisor and policymaker for Spring Hill.

9.      Defendant Kenneth England ("England") was, at all relevant times hereto, a resident citizen of the state of Alabama, where he was employed by Spring Hill College as its Executive Vice President and CFO. Upon information and belief, at all relevant times herein, Defendant England had authority to take corrective action by virtue of his position as supervisor and policymaker for Spring Hill.

10.     Defendant E. Joseph Lee II ("Lee") was, at all relevant times hereto, a resident citizen of the state of Alabama, where he was employed by Spring Hill College as its President. Upon information and belief, at all relevant times herein, Defendant Lee had authority to take corrective action by virtue of his position as supervisor and policymaker for Spring Hill.

11.     Defendant Kevin W. Abel ("Abel") was, at all relevant times hereto, a resident citizen of the state of Alabama, where he was employed by Spring Hill College as its Vice President of Student Affairs. Upon information and belief, at all relevant times herein, Defendant Abel had authority to take corrective action by virtue of his position as supervisor and policymaker for Spring Hill.

12.     At all times relevant hereto, Defendant Vassil Kokali is an Italian national, who was and is a resident of Mobile County, Alabama.  Defendant Kokali was a student athlete attending Spring Hill College at the time he violently raped and sodomized Plaintiff.

## JURISDICTION AND VENUE

13.     This Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action under 20 U.S.C. § 1681, *et seq*.

14.     This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over Plaintiff's claims brought under Alabama law because Plaintiff's state law claims are so related to her federal law claim that they form part of the same case or controversy.

15.     This Court has personal jurisdiction over Defendants because they are citizens of the state of Alabama and/or committed the tortious acts that give rise to Plaintiff's claims in the state of Alabama.

16.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because this is the judicial district where the events or omissions giving rise to Plaintiff's claims occurred and at least one Defendant resides in this judicial district.

## FACTUAL ALLEGATIONS

**I.  Despite Its Promises to Provide a Safe and Secure Environment to Its Students, Spring Hill Failed in Its Duty to Provide a Reasonably Safe Environment for Plaintiff.**

17.     Spring Hill, at all times relevant to this action, made a number of affirmative representations regarding safety on the Spring Hill campus and its duty to limit access to only those students assigned to each respective residence hall.

18.     Spring Hill represented to Plaintiff, all students, and the public the following:

> **The Office of Residence Life and the Spring Hill College Community are committed to providing students with a safe environment** that is conducive to personal growth and learning. To accomplish this, the Office of Residence Life partners closely with the <u>Department of Public Safety</u> to ensure the safety of our students.
>
> All residence halls on campus are secure and external doors are locked 24 hours a day. **Access to residence halls are restricted to students assigned to each building and authorized personnel.** The campus as a whole, also restricts access to non-Spring Hill Students and authorized personnel after 10 p.m., limiting the entrances to campus to a singular access point from the Old Shell Road entrance.[1] (emphases added).

---

[1] https://www.shc.edu/student-life/campus-life/campus-safety/ (last visited April 19, 2022).

4

19.    Additionally, Spring Hill states in its 2020 Annual Security and Fire Safety Report, which is distributed to all students and Spring Hill employees, that:

> Access to residence halls is restricted to residents, their approved guests, and specified members of the college community. Residents gain entry by either keys or card access readers. Residents are cautioned against propping doors open and permitting strangers to enter the buildings. SHC public safety officers patrol the residence halls on a regular basis. Housing staff enforce security measures in the halls and work with residents to achieve a community respectful of individual and group rights and responsibilities.[2]

20.    Spring Hill also maintains its own Department of Public Safety ("DPS"). The mission of the Spring Hill College DPS is to "provide a safe and secure environment while respecting the rights and dignity of all individuals."[3]

21.    DPS is responsible for providing law enforcement and public safety services for the main campus in Mobile, Alabama. *Id.*

22.    Spring Hill represents to its students that the Spring Hill DPS "is staffed with trained professional police and public safety officers 24 hours a day, 7 days a week" and that it makes "every effort to provide the best possible service, safety, and protection of persons and property at Spring Hill College."[4]

23.    Spring Hill further promises its students that "[a]ll Department of Public Safety employees are well trained professional with vast experience and the dedication to serve the needs and support the mission of the College Community."[5]

---

[2] *See* Spring Hill College DPS 2020 Annual Security and Fire Safety Report at 2, available at http://departments2.shc.edu/sites/default/files/publicsafety/files/2020_shc_annual_security_report_0.pdf

[3] http://departments2.shc.edu/publicsafety (last visited April 19, 2022).

[4] *See* Spring Hill College DPS 2020 Annual Security and Fire Safety Report at 2, available at http://departments2.shc.edu/sites/default/files/publicsafety/files/2020_shc_annual_security_report_0.pdf

[5] *Id.*

24.     Spring Hill promises that it will "establish policies" that will reflect its "institutional values," including the "responsible use of alcohol," that "aid in the promotion of a healthy, lawful, and neighborly Spring Hill community." [6]  Spring Hill also promises that its DPS officers have the same duties as all other police officers in the state of Alabama to uphold the law, including the underage consumption of alcohol.[7]

25.     Despite its promises with respect to the safety of its students, Spring Hill College and its DPS exhibited a reckless disregard for the safety of Spring Hill students, including Plaintiff.

26.     While promising students that DPS would ensure a "safe and secure environment" for students, Spring Hill allowed its DPS officers to attend parties and consume alcohol with its students, including underage students.

27.     While a freshman at Spring Hill, Plaintiff attended a party. At the party, a DPS officer shared liquor, consumed alcohol, and otherwise participated in the festivities with underage students attending Spring Hill, including Plaintiff.

28.     Spring Hill was on actual and constructive notice of the reckless conduct of its DPS officers because, among other reasons, they freely posed for photographs with underage Spring Hill students while consuming alcohol with them.

29.     DPS officers routinely fraternized and consumed alcohol with Spring Hill College students.

30.     Spring Hill knew or should have known of the conduct of its DPS officers and failed to take any corrective action.

---

[6] *Id.* at 5.

[7] *Id.* at 2.

31.     Commencing in August of 2019, Plaintiff was a resident of New Hall, a residential dormitory on the Spring Hill Campus.

32.     Spring Hill also made affirmative representations regarding the maintenance of campus facilities to its students, including New Hall. As noted in Spring Hill's 2020 Annual Security and Fire Safety Report:

> Facilities and landscaping are maintained in a manner that minimizes hazardous conditions. While patrolling the campus, SHC public safety officers make note of any malfunctioning lights and other unsafe physical conditions. These are then reported to SHC Plant Operations for correction. *Id*. at 2.[8]

33.     In what can now only be viewed with tragic irony, Spring Hill also boasts that it "holds crime awareness campaigns throughout the year, **such as a lock your door campaign**."[9]

34.     Despite Spring Hill's promise to maintain its facilities, including New Hall, in a safe condition, ensuring that locks on exterior doors of buildings, including residence halls are functioning properly, it was widely known by all who lived at New Hall and anyone else who regularly entered the building, including Spring Hill employees and personnel, that the locks did not function properly and that even if "locked," the front doors of New Hall could be easily opened by forcefully pulling on the doors.

35.     It was also widely known by all who lived at New Hall and anyone else who regularly entered the building, including Spring Hill employees and personnel, that New Hall was freely accessible by anyone who had a Spring Hill College ID, regardless of whether they lived at the dormitory or not, in violation of Spring Hill's security policies.

---

[8] *See* Spring Hill College DPS 2020 Annual Security and Fire Safety Report at 2, available at http://departments2.shc.edu/sites/default/files/publicsafety/files/2020_shc_annual_security_report_0.pdf.

[9] *See id.* at 4 (emphasis added).

36.     Despite the Spring Hill Defendants' knowledge of the free accessibility of New Hall, prior instances of sexual assault on campus, and complete lack of appropriate security measures, in violation of their own internal security policies and representations to their students, including Plaintiff, Defendants failed to take any action whatsoever to secure the entrance to New Hall or otherwise prevent unauthorized access to the dormitory.

37.     The Spring Hill Defendants' failure to provide any security measures to prevent unauthorized access to New Hall, in violation of their own security policies, directly resulted in Plaintiffs' rape and sodomy by Defendant Kokali, who was not authorized to enter the dormitory on the night he raped and sodomized Plaintiff.

## II.    As a Direct Result of Spring Hill's Security Failures, Audrey Cox Was Raped and Sodomized by Another Spring Hill Student.

38.     On March 12, 2021, Plaintiff went out with friends and eventually arrived at a country-western bar featuring live music called the Saddle Up Saloon in downtown Mobile.

39.     While at the Saddle Up Saloon, Plaintiff became visibly and unquestionably intoxicated.

40.     At the same time, Defendant Kokali was also at the Saddle Up Saloon and saw Plaintiff in her visibly intoxicated state. Defendant Kokali knew that Plaintiff was unquestionably intoxicated, incapacitated, and unable to provide consent for any sexual activity.

41.     Upon leaving the Saddle Up Saloon, Plaintiff was safely escorted to her dorm room by a friend, as she was unable to physically facilitate her own return to her room at New Hall due to her intoxication.

42.     Plaintiffs' friend assisted Plaintiff into her bed, fully clothed, covered her with a blanket, and turned off the lights. Upon leaving the room, Plaintiff's friend securely closed the door to her dorm room, but did not lock it because he was unable to do so from outside.

43.     At some point after Plaintiff, Defendant Kokali also exited the Saddle Up Saloon without Plaintiff.

44.     After escorting Plaintiff to her room and upon leaving New Hall, Plaintiff's friend witnessed Kokali entering New Hall.

45.     At approximately 2:30 a.m. on March 12, 2021, Defendant Kokali freely entered the front door of New Hall, knowing that it would not be locked and there would be no other reasonable security measures in place to prevent him from entering the building.

46.     Defendant Kokali was not a resident of New Hall and was not authorized to enter the building during the early morning hours of March 12, 2021.

47.     Despite Spring Hill's safety policy providing that "access to residence halls are restricted to students assigned to each building and authorized personnel," Defendant Kokali freely entered New Hall because the door was not locked, and any individual could gain entry.

48.     Further, despite Spring Hill's safety policy providing that "SHC public safety officers patrol the residence halls on a regular basis," Defendant Kokali freely made his way from the unlocked entrance of New Hall to Plaintiff's dorm room without encountering any security personnel or other security measures.

49.     Defendant Kokali then broke into Plaintiff's dorm room without permission.

50.     Defendant Kokali raped and sodomized Plaintiff who was unable to consent, defend herself, or cry for help.

51.     On March 30, 2021, Defendant Kokali was arrested for the rape of Plaintiff and the Mobile County District Attorney's Office charged Defendant Kokali with first-degree rape, first-degree sodomy, and first-degree burglary.

52.     On November 23, 2021, Defendant Kokali was indicted by a grand jury on charges of first-degree rape, first-degree burglary, and first-degree sodomy.

53.     On December 2, 2021, Defendant Kokali was indicted by a grand jury on three additional charges, including first-degree rape of an incapacitated person, first-degree sodomy of an incapacitated person, and sexual misconduct.

## III.   Spring Hill College Was on Actual Notice of Numerous Prior Sexual Assaults In Its Residential Facilities and Responded With Deliberate Indifference.

54.     Although Spring Hill claims to make "security awareness and crime prevention a priority,"[10] prior to Plaintiff's rape and sodomy it disbanded its sexual assault response team.[11]

55.     Each year Spring Hill coordinates the collection and reporting of crime statistics, as required by the Jeanne Clery Disclosure of Campus Security Policy and Crime Statistics Act ("Clery Act"), and notifies all enrolled students and Spring Hill employees of the availability of the reports.[12]

56.     Prior to Kokali's rape and sodomy of Plaintiff in her residence hall located on the campus of Spring Hill, the Spring Hill Defendants were on actual notice of numerous prior instances of sexual offenses occurring on campus property and, in particular, in Spring Hill's residential facilities.

57.     According to Spring Hill's Clery Act reports, in the six years leading up to the rape and sodomy of Plaintiff, from 2015-2020, the Spring Hill Defendants were on actual notice of at least 25 "sex offenses"—all of which occurred in its on campus residential facilities.

---

[10] *See* Spring Hill College DPS 2020 Annual Security and Fire Safety Report at 4, available at http://departments2.shc.edu/sites/default/files/publicsafety/files/2020_shc_annual_security_report_0.pdf

[11] https://mynbc15.com/news/local/spring-hill-college-president-addresses-report-of-on-campus-sexual-assault (last visited April 19, 2022).

[12] *Id.* at 1.

58.     Upon information and belief, the Clery Act reports are provided to and reviewed by Defendants Anderson, England, Lee, and Abel each year and Defendants Anderson, England, Lee, and Abel are appropriate persons that have authority to take corrective action by virtue of their positions as supervisors and policymakers for Spring Hill.

59.     Despite being on actual notice that sex offenses were particularly prevalent in Spring Hill's on campus residential facilities, the Spring Hill Defendants responded with deliberate indifference, in violation of Spring Hill's own security policies, by failing to ensure that New Hall's main entrance was securely locked at all times and failing to maintain adequate security measures so that unauthorized individuals, including Kokali, could not gain free access to New Hall.

60.     It was not until *after* Plaintiff reported her rape and sodomy by Kokali to the Spring Hill Defendants that Spring Hill took any action to fix the lock on the entrance of New Hall to prevent unauthorized access to the dormitory. Defendant Lee, however, recognized that the failure to ensure that "all dorms have the cards access" prior to was a safety failure "that just shouldn't be the case."[13]

61.     Defendants' deliberate indifference directly caused the rape and sodomy of Plaintiff because had the Spring Hill Defendants adequately secured the entrance to New Hall and employed reasonable security measures to prevent unauthorized access, Kokali would not have been able to break into Plaintiffs' room and sexually assault her.

---

[13] *See* https://mynbc15.com/news/local/spring-hill-college-president-addresses-report-of-on-campus-sexual-assault (last visited April 19, 2022).

## CAUSES OF ACTION

## COUNT I

**Violation of Title IX, 20 U.S.C. § 1681, *et seq.***
**[Against Defendant Spring Hill College]**

62.     Plaintiff repeats and realleges the allegations in Paragraphs 1-61 above, as if fully set forth herein.

63.     Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a), provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

64.     Spring Hill College was at all relevant times hereto, and continues to be, a recipient to Federal financial assistance, subject to Title IX. Defendant Spring Hill is an educational institution, a recipient of federal funds, and is subject to private causes of action under Title IX.

65.     Sexual harassment of students, including student-on-student sexual assault, is one form of discrimination on the basis of sex prohibited by Title IX. *See Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999).

66.     Defendant Spring Hill was on actual notice of extensive, offensive, and perversive gender-specific abuse and sexual offenses occurring in its residential facilities, in violation of Title IX, 20 U.S.C. § 1681, *et seq.*

67.     The omissions and/or commissions by Defendant Spring Hill were both subjectively and objectively unreasonable, constituting deliberate indifference, and resulted in harm to, and the interference with and denial of Plaintiff's educational opportunity.

68.     Plaintiff was raped and sodomized as a result of Defendants' deliberate indifference, including failing to secure the entrance of Plaintiff's dormitory and failing to employ

reasonable security measures to prevent unauthorized access to Plaintiff's dormitory, despite being on actual notice of numerous prior sexual offenses occurring in Spring Hill's residential facilities prior to the rape and sodomy of Plaintiff.

69.     Defendant Spring Hill was on actual notice through Defendants Anderson, England, Lee, and Abel, who are appropriate persons to take corrective action by virtue of their positions as supervisors and policymakers for Spring Hill, of the need to ensure that Plaintiff's dormitory entrance was secured and that reasonable security measures were employed to prevent unauthorized access to Plaintiff's dormitory.

70.     Defendants Anderson, England, Lee, and Abel had the authority to initiate corrective action to prevent Defendant Kokali's unlawful conduct by preventing his unauthorized access by nonresidents to Plaintiff's dormitory but failed to do so.

71.     Defendant Spring Hill had the authority to institute corrective measures to remedy the willful violations of Title IX.  However, it failed to undertake such actions and instead acted with deliberate indifference to numerous reports evidencing pervasive sexual offenses occurring in its residential facilities.

72.     Defendants' deliberate indifference directly caused the rape and sodomy of Plaintiff because had the Spring Hill Defendants adequately secured the entrance to New Hall and employed reasonable security measures to prevent unauthorized access by nonresidents, Kokali would not have been able to break into Plaintiffs' room and sexually assault her.

73.     As a direct result of Defendant's conduct, Plaintiff suffered extensive physical, psychological, and emotional harm. Plaintiff Cox's experience was so unwelcome and was sufficiently severe, pervasive, and objectively offensive so as to deprive Plaintiff of equal access to educational activities and programs.

74.     As a result of the rape and sodomy, Plaintiff left Spring Hill and enrolled in another institution of higher learning. Due to the severe psychological and emotional harm caused by Defendants she was then forced to also withdraw from that institution.

## COUNT II

**Negligence, Recklessness, Wantonness, and/or Reckless Indifference in Violation of Alabama Law**
**[Against Spring Hill Defendants]**

75.     Plaintiff repeats and realleges the allegations in Paragraphs 1-61, above, as if fully set forth herein.

76.     At all times relevant to this action, the Spring Hill Defendants had a duty to provide their students, including Plaintiff, with a reasonably safe environment and to maintain their residential facilities in a reasonably safe condition.

77.     The Spring Hill Defendants breached their duty to provide Plaintiff with a reasonably safe environment and to maintain their residential facilities in a reasonably safe condition by failing to ensure that Plaintiff's dormitory entrance was secure and that there were reasonable security measures in place to prevent unauthorized access to nonresidents and unapproved guests, including Defendant Kokali, in violation of Spring Hill's own safety policies and procedures.

78.     The Spring Hill Defendants' negligent, reckless, wanton, and/or recklessly indifferent acts and omissions directly caused the rape and sodomy of Plaintiff because had the Spring Hill Defendants adequately secured the entrance to New Hall and employed reasonable security measures to prevent unauthorized access by nonresidents and unapproved guests, Kokali would not have been able to break into Plaintiff's room and sexually assault her.

79.    As a direct and proximate result of the Spring Hill Defendants' negligent, reckless, wanton, and/or recklessly indifferent acts and omissions, Plaintiff suffered damages, including but not limited to substantial physical injuries, emotional trauma, mental anguish and suffering, impairment of reputation, personal humiliation, embarrassment, anxiety, economic loss and alienation both academically and socially from school activities.

## COUNT III

**Negligent Misrepresentation in Violation of Alabama Law**
**[Against Spring Hill Defendants]**

80.    Plaintiff repeats and realleges the allegations in Paragraphs 1-61 above, as if fully set forth herein.

81.    The Spring Hill Defendants made misrepresentations of material fact to their students, including Plaintiff, including, without limitation, the following:

    a.    Spring Hill is "committed to providing students with a safe environment that is conducive to personal growth and learning";

    b.    "Access to residence halls are restricted to students assigned to each building and authorized personnel";

    c.    "Access to residence halls is restricted to residents, their approved guests, and specified members of the college community. Residents gain entry by either keys or card access readers. Residents are cautioned against propping doors open and permitting strangers to enter the buildings. SHC public safety officers patrol the residence halls on a regular basis. Housing staff enforce security measures in the halls and work with residents to achieve a community respectful of individual and group rights and responsibilities";

    d.    Spring Hill DPS would ensure a "safe and secure environment" for its students;

15

e.  Facilities and landscaping are maintained in a manner that minimizes hazardous conditions. While patrolling the campus, SHC public safety officers make note of any malfunctioning lights and other unsafe physical conditions. These are then reported to SHC Plant Operations for correction.

82.  The above referenced misrepresentations were made by the Spring Hill Defendants to Spring Hill's students, including Plaintiff, willfully to deceive, recklessly, without knowledge, or mistakenly.

83.  Plaintiff justifiably relied upon the above referenced misrepresentations under the circumstances and had she known that the Spring Hill Defendants' misrepresentations were false, she would not have relied upon the Spring Hill Defendants to provide her with a safe environment.

84.  As a direct and proximate result of the Spring Hill Defendants' misrepresentations of material fact to Plaintiff, Plaintiff was raped and sodomized by Defendant Kokali.

85.  As a direct and proximate result of the Spring Hill Defendants' negligent, reckless, wanton, and/or recklessly indifferent acts and omissions, Plaintiff suffered damages, including but not limited to substantial physical injuries, emotional trauma, mental anguish and suffering, impairment of reputation, personal humiliation, embarrassment, anxiety, economic loss and alienation both academically and socially from school activities.

## COUNT IV

### Breach of Implied Contract in violation of Alabama Law
### [Against Spring Hill Defendants]

1.  Plaintiff repeats and realleges the allegations in Paragraphs 1-61 above, as if fully set forth herein.

2.  Plaintiff entered into an agreement with the Spring Hill Defendants and, as part of that agreement, paid tuition and other compensation to Spring Hill in exchange for certain benefits.

3.      As part of the agreement, Spring Hill promised to provide a safe environment to its students, including Plaintiff, by, among other means, restricting access to residence halls, maintaining its residence halls in reasonably safe condition, and providing the best possible service, safety, and protection of persons.

4.      The Spring Hill Defendants breached their promises to Plaintiff by failing to ensure that the entrance of her residence hall was secure and failing to maintain other reasonable security measures to prevent free access to Plaintiff's residence hall by unauthorized individuals, including Defendant Kokali.

5.      Had Plaintiff known that the Spring Hill Defendants would not provide the security measures promised as part of the benefit of the bargain, she would not have agreed to pay tuition and other compensation for these benefits.

6.       As a direct result of the Spring Hill Defendants' breach of contract, Plaintiff did not receive the benefit of her bargain, sustaining monetary damages as well as consequential damages relating to the disruption of her education.

## COUNT V

**Assault and Battery in Violation of Alabama Law
[Against Defendant Kokali]**

7.      Plaintiff repeats and realleges the allegations in Paragraphs 1-61 above, as if fully set forth herein.

8.      Defendant Kokali unlawfully touched Plaintiff when he sodomized and raped her.

9.      Defendant Kokali's rape and sodomy of Plaintiff was intentional.

10.     Defendant Kokali's rape and sodomy of Plaintiff was conducted in a harmful and offensive manner.

11.     Plaintiff never consented to Defendant Kokali's unlawful touching.

12.     As a direct and proximate result of the Defendant Kokali's assault and battery of Plaintiff, Plaintiff suffered damages, including but not limited to substantial physical injuries, emotional trauma, mental anguish and suffering, impairment of reputation, personal humiliation, embarrassment, anxiety, economic loss and alienation both academically and socially from school activities.

## COUNT VI

### Invasion of Privacy in Violation of Alabama Law
### [Against Defendant Kokali]

13.     Plaintiff repeats and realleges the allegations in Paragraphs 1-61 above, as if fully set forth herein.

14.     Defendant Kokali intruded on Plaintiff's physical and emotional solitude or seclusion when he raped and sodomized Plaintiff.

15.     Plaintiff's sexual concerns and sexual integrity are private in nature.

16.     Defendant Kokali's rape and sodomy of Plaintiff was so offensive and objectionable that any reasonable person subjected to it would experience outrage, mental suffering, shame, and humiliation.

17.     As a direct and proximate result of the Defendant Kokali's invasion of Plaintiff's privacy, Plaintiff suffered damages, including but not limited to substantial physical injuries, emotional trauma, mental anguish and suffering, impairment of reputation, personal humiliation, embarrassment, anxiety, economic loss and alienation both academically and socially from school activities.

## COUNT VII

### Intentional Infliction of Emotional Distress (Outrage) in Violation of Alabama Law
### [Against Defendant Kokali]

18.     Plaintiff repeats and realleges the allegations in Paragraphs 1-61 above, as if fully set forth herein.

19.     To succeed on an action based on outrage, a plaintiff must prove (1) the Defendants intended to inflict emotional distress, or know or should have known that emotional distress would likely result from their conduct; (2) the Defendants' conduct was extreme and outrageous; (3) the Defendants' actions caused her distress; and (4) the distress was severe.

20.     Defendant Kokali knew that the rape and sodomy of Plaintiff would cause Plaintiff severe emotional distress and committed those acts despite his knowledge.

21.     Defendant's rape and sodomy of Plaintiff was not only extreme and outrageous but criminal.

22.     The emotional distress inflicted on Plaintiff is so severe that no reasonable person could be expected to endure it.

23.     As a direct and proximate result of the Defendant Kokali's extreme and outrageous conduct, Plaintiff suffered damages, including but not limited to substantial physical injuries, emotional trauma, mental anguish and suffering, impairment of reputation, personal humiliation, embarrassment, anxiety, economic loss and alienation both academically and socially from school activities.

## **PRAYER FOR RELIEF**

WHEREFORE**,** Plaintiff demands judgment against Defendants on each of the above-stated Claims as follows:

A.  For appropriate declaratory and injunctive relief, including that the Spring Hill Defendants be required to implement and maintain reasonable and appropriate safety policies and procedures to prevent the conduct alleged herein;

B.  For compensatory damages in excess of this Court's jurisdictional minimum;

C.  For consequential damages in excess of this Court's jurisdictional minimum;

D.  For punitive damages;

E.  For pre-judgment and post-judgment interest, as provided by law;

F.  For attorneys' fees, expenses, and costs of this action; and

G.  For all other and further relief that this Court deems appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims so triable.

Dated: April 21, 2022                    Respectfully Submitted,

*/s/Diandra S. Debrosse Zimmermann*
Diandra S. Debrosse Zimmermann
(ASB-2956-N76D)
Eli J. Hare
(ASB-1024-T20Q)
**DiCELLO LEVITT GUTZLER LLC**
420 20th Street North, Suite 2525
Birmingham, Alabama 35203
(205) 855-5700
fu@dicellolevitt.com
ehare@dicellolevitt.com

Kenneth P. Abbarno*
Justin J. Hawal*
**DiCELLO LEVITT GUTZLER LLC**
Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060
(440) 953-8888
kabbarno@dicellolevitt.com

***Counsel for Plaintiffs***

**Pro Hac Vice* application forthcoming